IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

THE UNIVERSITY OF THE SOUTH )
)
Plaintiff, )
) CIVIL ACTION NO.
v. )
) 4:09-cv-71
SOUTH UNIVERSITY, LLC, F/K/A, ) Mattice/Lee
SOUTH UNIVERSITY, INC., )
EDUCATION MANAGEMENT, LLC, AND )
EDUCATION MANAGEMENT )
CORPORATION, )
)
Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants South University LLC, f/k/a South University, Inc., Education Management LLC, and Education Management Corporation (collectively, "Education Management"), through undersigned counsel, hereby jointly give notice of the removal of this action from the Circuit Court of Tennessee, Twelfth Judicial District, to the United States District Court for the Eastern District of Tennessee, Winchester Division. In support of its Notice of Removal, Education Management states as follows:

1. Each Education Management entity listed above is a defendant in a lawsuit filed and pending in the Twelfth Judicial Circuit of Tennessee captioned as <u>The University of the South v. South University, et al.</u>, Civil Action No. 17456-CV, filed on June 10, 2009 (the "State Court Action"). On June 12, 2009, a copy of the State Court Action was sent to Education Management with a request to execute Waivers of Service for each of the Education

1

Management entities. A copy of the Complaint and Summonses for Education Management for the State Court Action are attached hereto as Exhibit A and Exhibit B, respectively.[1] On June 19, 2009, Education Management executed and returned Waivers of Service for each of the Education Management entities to counsel for UOS. These Waivers of Service are attached as Exhibit C. On information and belief, no other pleadings have been filed in the State Court Action.

2. In its Complaint, UOS alleges that Education Management (a) breached a 2003 settlement agreement (the "Settlement Agreement") between UOS and South University regarding UOS's federally registered service mark (Exhibit A at ¶¶ 28-33), (b) infringes UOS's federally registered service mark under Tennessee common law and the Tennessee Trademark Act of 2000 (*id.* at ¶¶ 34-37), and (c) violated Tennessee's Consumer protection act (*id.* at ¶¶ 38-41).

3. This Court has subject matter jurisdiction over the removed action under 28 U.S.C. § 1332(a)(1) because: (a) the suit is a civil action between citizens of different States, and *none* of the Education Management entities is a citizen of the State of Tennessee; (b) there exists *complete diversity* between the parties; and (c) the amount in controversy *exceeds* the amount or sum of $75,000 (exclusive of interest and costs) by reference to the alleged damages, enhanced damages, costs, and deprivation of rights threatened against Education Management by the requested injunction.

---

[1] One of the exhibits to the Complaint was filed under seal with the state court. Accordingly, pursuant to Local Rule 26.2, Education Management has not filed that exhibit with its Notice of Removal. Instead, in accordance with Local Rule 26.2., Education Management is filing contemporaneously a Motion for Leave to File Under Seal with respect to that exhibit, and will

## AMOUNT IN CONTROVERSY

4. The federal diversity statute confers district courts with subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a)(1). In construing this language, the United States Supreme Court has concluded that "the amount in controversy is measured by the value of the object in litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). Here, the "object in the litigation," includes alleged monetary damages and UOS's requested injunctive relief.

5. While the Complaint does not include a prayer for a precise amount of damages, UOS states that it is seeking (a) "damages, including enhanced damages, and attorneys fees pursuant to [Tennessee Trademark Act] § 47-25-514 (Exhibit A at ¶ 37), and (b) "damages, including up to treble damages for willful or knowing violation of the [Tennessee Consumer Protection Act] and reasonable attorneys' fees and costs pursuant to [Tennessee Consumer Protection Act] § 47-18-109" (*id.* at ¶ 41). In addition, UOS's prayer for relief asks that the Court "award Plaintiff its damages, up to three times Plaintiffs actual damages or Defendants' profits, and reasonable costs and attorney's fees." (*Id.* at Prayer for Relief, ¶ 5.)

6. Because UOS does not assert an exact amount of damages, but instead seeks to recover some unspecified amount, Education Management need only show that the amount in controversy "more likely than not" exceeds $75,000. *See Hayes v. Equitable Energy Resources, Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). In view of UOS's allegations, its prayer for enhanced or treble damages, and its

---

file the exhibit after this Court has acted upon said Motion and in accordance with this Court's

2947118.2

prayer for statutory attorneys fees, there is little doubt that, absent a showing or stipulation to the contrary by UOS, the amount in controversy exceeds the jurisdictional limit of this Court.

7. Further, because *each count* of the Complaint contains a request for injunctive relief, Education Management can show that it is "more likely than not" that this case exceeds the amount-in-controversy requirement of 28 U.S.C. § 1332(a)(1). In determining the amount in controversy where injunctive relief is sought, it is appropriate to consider the Education Management's interests. *See, e.g., In re Cardizem CD Antitrust Litig.*, 90 F. Supp.2d 819, 835-36 (E.D. Mich. 1999); *Bedell v. H.R.C. Limited*, 522 F. Supp. 732, 735 (E.D. Ky. 1981).

8. In this case, the injunctive relief sought by UOS threatens to impose costs and damages on Education Management that exceed $75,000 (exclusive of any interest and costs). Education Management net revenues from providing education services exceeded $1.6 billion in fiscal year 2008. And Education Management's South University enrollment made up approximately 10% of Education Management's total enrollments as of October 2008. Thus, enjoining even a portion of South University's degree offerings would necessarily cause damage in excess of $75,000.

## COMPLETE DIVERSITY

9. This action involves citizens of different states. Plaintiff is a citizen of Tennessee, and none of the Defendants is a citizen of Tennessee. The Complaint alleges that UOS is a Tennessee non-profit corporation residing in Sewanee, *Tennessee*. (Exhibit A at ¶ 1.) For the Education Management entities, the Complaint states that (a) South University LLC "is a *Georgia* limited liability company with its principal office located at Education Management Corporation, 210 Sixth Avenue 33rd Floor, Pittsburgh, *Pennsylvania* 15222" (Exhibit A at ¶ 2,

---

order. UOS's "Motion to File Exhibit to Complaint Under Seal" is attached hereto as Exhibit D.

emphasis added), (b) Education Management LLC "is a ***Delaware*** company with [sic] principal office believed to be located 210 Sixth Avenue 33rd Floor, Pittsburgh, ***Pennsylvania*** 15222" (*id.* at ¶ 3, emphasis added) and (c) Education Management Corporation "is a ***Pennsylvania*** corporation with its principal office located 210 Sixth Avenue 33rd Floor, Pittsburgh, ***Pennsylvania*** 15222" (*id.* at ¶ 4, emphasis added). Thus, complete diversity of citizenship between all parties exists on the face of the Complaint.

## VENUE AND TIMELY REMOVAL

10. Venue properly lies in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1441(a) because this District embraces the place where the State Court Action is pending.

11. This notice is being filed within 30 days after Education Management received the Summons and Complaint in accordance with 28 U.S.C. § 1446(b).

12. Education Management has not filed an answer or other responsive pleading in the State Court Action.

13. Simultaneously with the filing of this Notice of Removal, Education Management is giving notice to UOS and is filing a copy of this Notice of Removal with the clerk of the court hearing the State Court Action. A copy of the Notice of Removal filed in the State Court Action is attached as Exhibit E.

14. Education Management does not, by filing this Notice of Removal, waive any defense, claim or form of relief that may be available to it.

Education Management respectfully requests that this action, now pending in the Circuit Court of Tennessee, Twelfth Judicial District, be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

Dated: July 10, 2009

Respectfully submitted,

*/s/ Rick G. Sanders*

Robb S. Harvey (Tenn. BPR No. 11519)
Rick G. Sanders (Tenn. BPR No. 23875)
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center, Suite 2700
511 Union Street
Nashville, Tennessee 37219
Phone: 615-244-6380
Fax: 615-244-6804

Of Counsel:
Joshua M. Ryland
RENNER, OTTO, BOISSELLE & SKLAR LLP
1621 Euclid Avenue, Nineteenth Floor
Cleveland, Ohio 44115
Telephone: (216) 621-1113
Facsimile: (216) 621-6165

*Attorneys for Defendants South University, LLC, Education Management, LLC, and Education Management Corporation.*

2947118.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2009, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on the following parties via facsimile and first-class mail, postage prepaid, as indicated below:

John G. Jackson
David J. Hill
Chambliss, Bahner & Stohpel, P.C.
1000 Tallan Building
Two Union Square
Chattanooga, Tennessee 37402-2502

*Rick G. Sanler*
Counsel for Defendants