IN THE TWELFTH JUDICIAL CIRCUIT OF TENNESSEE

| | |
|---|---|
| THE UNIVERSITY OF THE SOUTH, ) | CIVIL ACTION NO. 17456-CV |
| Plaintiff, ) | |
| ) | JURY DEMANDED |
| v. ) | |
| ) | |
| SOUTH UNIVERSITY, LLC, F/K/A ) | |
| SOUTH UNIVERSITY, INC., ) | FILED 6/10/09 |
| EDUCATION MANAGEMENT, LLC, and ) | TIME 2:25 PM |
| EDUCATION MANAGEMENT ) | NANCY SILVERTOOTH |
| CORPORATION ) | CIRCUIT COURT CLERK |
| ) | FRANKLIN COUNTY, TN |
| Defendants. ) | |

## COMPLAINT

Plaintiff, The University of the South, requests that the Court order defendants to halt their willful, infringing use of an unregistered service mark, "South University" in connection with defendants' marketing, advertising and offering of educational services likely to cause confusion with educational services offered by plaintiff under its registered service mark "The University of the South" that has been in continuous use by Plaintiff for over 150 years.

### A. THE PARTIES

1. The University of the South, a Tennessee non-profit corporation established in 1858 having as its address 735 University Avenue, Sewanee, Tennessee 37383, is one of the nation's top liberal arts colleges.

2. Defendant South University, LLC ("SULLC"), formerly known as South University, Inc. ("SUI"), is a Georgia limited liability company with its principal office located at Education Management Corporation, 210 Sixth Avenue 33rd Floor, Pittsburgh, Pennsylvania

EXHIBIT 4

15222, and registered agent Corporation Service Company, 40 Technology Parkway South, No. 300, Norcross, Georgia 30092. It has campuses named "South University" in Savannah, Georgia; Montgomery, Alabama; West Palm Beach, Florida; Columbia, South Carolina and Tampa, Florida and also offers online courses of study.

3. Defendant Education Management, LLC ("EMLLC") is a Delaware company with principal office believed to be located at 210 Sixth Avenue 33rd Floor, Pittsburgh, Pennsylvania 15222, and a registered agent known as Corporation Service Company of Pennsylvania.

4. Defendant Education Management Corporation ("EMC") is a Pennsylvania corporation with its principal office located at 210 Sixth Avenue 33rd Floor, Pittsburgh, Pennsylvania 15222, and a registered agent known as Corporation Service Company of Pennsylvania.

5. Upon information and belief, in January 2009, SUI became SULLC.

6. Upon information and belief, Defendant EMLLC is the sole shareholder of SULLC.

7. Upon information and belief, EMC is the ultimate parent company of EMLLC.

8. EMC has claimed in filings made with the United States Securities and Exchange Commission to be the owner of the five South University campuses at issue.

9. Upon information and belief, EMC controls or has the right to control the curricula, degree programs and marketing of same offered in connection with the mark "South University" at the five South University campuses at issue.

10. SULLC and SUI shall be referred to collectively as "South University Defendants" throughout the remainder of this Complaint.

11. EMC and EMLLC shall be referred to collectively as "Education Management Defendants."

## B. JURISDICTION AND VENUE

12. Upon information and belief, one or more of the Defendants maintains an ownership or management relationship with South University of Tennessee, Inc., a Tennessee Corporation.

13. Upon information and belief, Defendant EMLLC is owned directly or indirectly by Defendant EMC.

14. Upon information and belief, Defendant EMC manages at least two universities in the State of Tennessee, Argosy University and Art Institute of Tennessee.

15. Defendants have at least minimum contacts with the State of Tennessee and therefore this Court has personal jurisdiction over all of the Defendants. Furthermore, upon information and belief, Defendants are subject to the personal jurisdiction of this Court because they transact business in the State of Tennessee and/or have committed tortious acts in the State of Tennessee with injury resulting to the University of the South in this State.

16. Venue is proper in this Court as Plaintiff resides in this County, and Plaintiff has suffered injury in this County as a result of Defendants' wrongful actions.

17. The Court has jurisdiction over the subject matter of the breach of contract action as it arises under common law, and of the infringement and unfair and deceptive trade practices claims as they arise under common law and state statutes, namely, T.C.A. § 47-25-512, et. seq. and T.C.A. § 47-18-104, et. seq., respectively.

## C. NATURE OF ACTION

18. This action seeks a halt to Defendants' steady encroachment upon Plaintiff's rights.

19. By way of background, beginning in 1858 and continuing to the present, the University of the South has used THE UNIVERSITY OF THE SOUTH as a service mark to identify a particular brand of postsecondary educational services offered by the University of the South at its campus located at Sewanee, Tennessee. Plaintiff obtained federal service mark Registration No. 2,002,689 for such mark (hereinafter "the Mark"). A copy of Plaintiff's registration is attached hereto as Exhibit 1.

20. Plaintiff has made extensive use of the Mark in advertising and providing educational services.

21. Upon information and belief, in 1986, Defendants and/or their predecessors began using "South College" as the name for business colleges located in Savannah, Georgia and West Palm Beach, Florida. Such schools began offering bachelor's degrees in 1996 and a year later, Defendants expanded to Montgomery, Alabama. In 2001, Defendants and/or their predecessors introduced a doctoral-level degree program and changed the name of the three campuses to "South University" and began offering educational services under that mark.

22. In 2002, Plaintiff and SUI entered into trademark litigation centering on plaintiff's claims that SUI's use of "South University" infringes the Mark. See The University of the South v. South University, Inc., No. 4:02-cv-71, United States District Court for the Eastern District of Tennessee; South University, Inc. v. The University of the South, No. CV 402-210, United States District Court for the Southern District of Georgia.

23. In April, 2003, Plaintiff, SUI and numerous other entities controlled by SUI negotiated in Tennessee the terms of a confidential Settlement and Consent Agreement ("Agreement"). A copy of the final, signed Agreement, which was executed by the parties on April 28, 2003, is being filed under seal with this Complaint as Exhibit 2.

24. The very next day, on April 29, 2003, Defendant EMC issued a press release that it had reached an agreement to purchase all of the assets of SUI. Upon information and belief, in July 2003, the acquisition of SUI's assets by EMC was completed.

25. Upon information and belief, Education Management Defendants are successors of SUI and are bound by the terms of the Agreement in the same manner that SUI, now known as SULLC, is bound.

26. In 2008, if not earlier, Defendants for the first time began offering upper level courses and bachelor and master's level degrees in liberal arts in connection with the "South University" mark. These activities by defendants constitute willful breach of the Agreement.

27. Unless enjoined, Defendants will continue to willfully breach the Agreement, which will irreparably harm Plaintiff and cause it to suffer significant damage to its goodwill and reputation for which monetary damages will not give complete relief.

## COUNT I

### Breach of the Settlement and Consent Agreement

28. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 27 as though fully set forth herein.

29. Since at least fall semester 2008, Defendants have advertised on the Internet and in printed publications under the mark "South University" the availability of bachelor and masters' degrees through a purported "school of liberal arts." This use of the "South University"

mark in connection with advertising and offering educational degree programs in a "school of liberal arts" violates the terms of the Agreement and entitles Plaintiff to an injunction prohibiting such use.

30. Since at least fall semester 2008, Defendants have advertised on the Internet and in printed publications under the mark "South University" the availability of bachelor and masters' degree programs in psychology. On information and belief, the psychology degree programs offered by Defendants are the same or substantially similar to the psychology degree programs now offered by the Plaintiff.

31. Since at least fall semester 2008, Defendants have advertised on the Internet and in printed publications under the mark "South University" the availability of a Bachelor's of Liberal Arts in Interdisciplinary Studies. On information and belief, the Interdisciplinary Studies degree program offered by Defendants is the same or similar to a degree program now offered by the Plaintiff.

32. Furthermore, or in the alternative, such programs offered by Defendants are not designed for specific career or professional outcomes. Furthermore, or also in the alternative, such programs have curricular requirements or other characteristics of liberal arts educational degree programs offered by Plaintiff.

33. Defendants' advertising and offering educational degree programs as described, in connection with the "South University" Mark, is a violation of the terms of the Agreement and entitles Plaintiff to an injunction prohibiting such unauthorized use.

## COUNT II.

### Infringement and Damage to Business Reputation under Common Law and/or Tennessee Trademark Act of 2000, TCA §47-25-501, et seq.

34. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-33 as though set forth fully herein.

35. The foregoing acts of Defendants constitute trademark infringement and damage to business reputation in violation of TCA §47-25-501, et. seq., and the common law of Tennessee.

36. By reason of the foregoing acts of Defendants, Plaintiff has sustained, and unless the Defendants are enjoined pursuant to TCA §47-25-513 and/or -514, will continue to sustain, substantial injury and damage. Unless enjoined, the foregoing acts of Defendants will cause Plaintiff continuing irreparable harm. Plaintiff has no adequate remedy at law.

37. Because Defendants have violated TCA §47-25-512 and/or -513 by the foregoing acts, Plaintiff is entitled to damages, including enhanced damages, and attorney fees, pursuant to TCA §47-25-514.

## COUNT III.

### Unfair and Deceptive Trade Practices Under TCA § 47-18-101, et seq.

38. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-37 as though set forth fully herein.

39. The foregoing acts of Defendants constitute unfair and deceptive trade practices forbidden by Tennessee Code Annotated §47-18-101, et seq. (the Tennessee Consumer Protection Act, hereinafter, "TCPA") in at least the following ways:

(b)     Causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, Plaintiff, and

(c)     Engaging in other acts or practices that are deceptive to the consumer or to any other persons.

40.     By reason of the foregoing acts of Defendants, Plaintiff has sustained, and unless Defendants are enjoined pursuant to TCA §47-18-109(b), will continue to sustain, substantial injury and damage. Unless enjoined, the foregoing acts of Defendants will cause Plaintiff continuing irreparable harm. Plaintiff has no adequate remedy at law.

41.     Because Defendants have violated TCA §47-18-104 by engaging in unfair or deceptive trade practices, Plaintiff is entitled to recover its damages, including up to treble damages for willful or knowing violation of the TCPA, and reasonable attorneys' fees and costs pursuant to TCA §47-18-109.

## PRAYER FOR RELIEF

**WHEREFORE,** the University of the South prays for the following relief:

1.     That process issue and Defendants be served with a copy of this Complaint, and that Defendants be required to file an Answer within the time prescribed by law;

2.     That the Defendants, their officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them, be preliminarily and permanently enjoined from either directly or indirectly:

(a) Imitating, copying, or making unauthorized use of the Mark, in connection with educational services, such as by advertising or offering courses in a "School of Liberal Arts" or advertising or offering educational degree programs in the liberal arts, including but not limited to psychology or interdisciplinary studies degree programs;

(b) Using any trademark that is confusingly similar to the Mark (including, but not limited to the term "South University"), in connection with educational services;

(c) Competing unfairly with Plaintiff by conducting business in an attempt to trade on the goodwill and business reputation of Plaintiff or misappropriating Plaintiff's exclusive rights in the Mark or any other trademarks of Plaintiff;

(d) Using any false designation of origin or false description or performing any act that can, or is likely to, lead members of the public to believe that any service or product of the Defendants is in any manner associated with or connected with Plaintiff, or has the same source as any of Plaintiff's services or products; and

(e) Engaging in any unfair and deceptive trade practice detrimental to the Plaintiff.

3. That the Court issue a mandatory injunction requiring Defendants, their officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them, to give a written notice through channels of commerce in which Defendants have advertised infringing products and services, that they shall forthwith stop offering for sale or selling services and/or products that infringe Plaintiff's intellectual property rights, and that Plaintiff is the sole and rightful owner of intellectual property rights in the Mark.

4. That the Defendants be required to file with this Court and serve on Plaintiff within 30 days of service of the injunction on them (or such other time as directed by the Court) a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction as to Defendants and as to their officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them.

5. That the Court award Plaintiff its damages, up to three times Plaintiff's actual damages and/or Defendants' profits, and reasonable costs and attorney's fees;

6. That the Court order the Defendants to deliver up to the Court for impoundment and destruction all copies of documents and tangible things that contain and/or reflect infringing use of the Mark; and

7. That the Court grant such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury to try all issues when joined.

Respectfully submitted by:

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: _____
John G. Jackson, Tenn. BPR No. 013840
David J. Hill, Tenn. BPR No. 009864
1000 Tallan Building
Two Union Square
Chattanooga, Tennessee 37402-2502
Telephone: (423) 756-3000
Fax No.: (423) 265-9574
E-mail: JJackson@cbslawfirm.com
DHill@cbslawfirm.com

*Attorneys for Plaintiff, The University of the South*

# The United States of America

## CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks, and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are a part of this certificate.

This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.

Bruce Lehman
Commissioner of Patents and Trademarks


EXHIBIT 1

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,002,689
Registered Sep. 24, 1996

## SERVICE MARK
## PRINCIPAL REGISTER

### THE UNIVERSITY OF THE SOUTH

UNIVERSITY OF THE SOUTH, THE (TENNESSEE CORPORATION)
735 UNIVERSITY AVENUE
SEWANEE, TN 373831000

FOR: EDUCATION SERVICES IN THE NATURE OF COURSES AT THE UNIVERSITY LEVEL, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-6-1858; IN COMMERCE 10-10-1860.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE UNIVERSITY", APART FROM THE MARK AS SHOWN.

SER. NO. 74-703,212, FILED 7-19-1995.

JULIA S. SHIELDS, EXAMINING ATTORNEY