UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| THE UNIVERSITY OF THE SOUTH, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 4:09-cv-71 |
| | ) | |
| SOUTH UNIVERSITY, LLC, F/K/A | ) | Judge Mattice |
| SOUTH UNIVERSITY, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff The University of the South's Motion to Amend/Revise its Motion for Preliminary Injunction [Court Doc. 70] and an accompanying Motion for Leave to File Document Under Seal [Court Doc. 72]. Plaintiff requests permission to amend its Motion for Preliminary Injunction [Court Doc. 29] because it claims that additional breaches of the Settlement and Consent Agreement ("Agreement") between the parties came to light during discovery. Plaintiff also requests leave to exceed the page limit for this amendment, claiming that it needs to expand its Motion for Preliminary Injunction beyond the 25 pages allotted by the Court pursuant to Local Rule 7.1(b). Plaintiff further requests leave to file portions of its proposed amended Motion under seal.

For the reasons outlined below, Plaintiff's Motion to Amend/Revise its Motion for Preliminary Injunction [Court Doc. 70] will be **DENIED** and Plaintiff's Motion for Leave to File Document Under Seal [Court Doc. 72] will be **DENIED AS MOOT**.

**I.     STANDARD OF REVIEW**

The applicable standard is briefly outlined in Federal Rule of Civil Procedure 15, which governs amendments to pleadings. Before trial, a party has leave to amend

pleadings once within 21 days of service or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). A party attempting to amend a pleading after this time period has passed must proceed under Rule 15(a)(2), which allows amendment only with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In this case, because Defendant opposes Plaintiff's Motion, Plaintiff must obtain permission from the Court. "The court should freely give leave [to amend] when justice so requires." *Id.*

## II. FACTS

Plaintiff initially filed this action in state court on June 10, 2009. (Court Doc. 1-1, Compl.) Defendant removed the case to this Court on July 10, 2009. (Court Doc. 1.) On November 13, 2009, Plaintiff filed its Motion for Preliminary Injunction. (Court Doc. 29, Pl.'s Mot. for Prelim. Inj.) In this Motion, Plaintiff requested that the Court enjoin Defendant due to alleged violations of the Agreement entered into by both parties in April 2003. (Court Doc. 45 at 12-16.)

Defendant immediately moved for a stay of Plaintiff's Motion, primarily due to the fact that there was an outstanding Motion to Dismiss that might result in the dismissal of two other Defendants, Education Management Corporation and Education Management, LLC. (Court Doc. 35.) The Court ruled on the Motion to Dismiss, dismissed both Defendants from the action, and denied the stay. (Court Doc. 40.) Defendant then moved for a period of discovery to take place before it would be obligated to respond to Plaintiff's Motion for Preliminary Injunction, and asked that the motion be decided on an expedited basis. (Court Doc. 41.) The parties could not agree on an acceptable period of discovery. As a result, the Court ordered that a 75 day period of discovery would take place and that

Defendant's Response would be due on or before February 24, 2010. (Court Doc. 48.)

On February 22, 2010, Plaintiff filed the instant Motion to Amend its Motion for Preliminary Injunction.  (Court Doc. 70.)  Defendant filed its Response to the original Motion for Preliminary Injunction as scheduled on February 24, 2010, and timely responded to the Motion to Amend presently before the Court.  (Court Docs. 77 & 94.)

## III.  ANALYSIS

Plaintiff asserts that it first learned in the 75-day discovery period that Defendant South University advertised its online courses to students in Tennessee and learned that students could take Defendant's online courses in Tennessee without leaving the state. (Court Doc. 74, Pl.'s Mem. at 6-7.)  Plaintiff contends that it now needs to expand its Motion for Preliminary Injunction to request additional injunctive relief due to additional violations of the Agreement.  Plaintiff makes the following proposed additional demands in its amendment request: the Court should order Defendant to stop offering online courses that would be delivered to students in Tennessee;[1] enjoin Defendant from advertising online courses to Tennessee residents; enjoin Defendant from advertising that it is a Tennessee college or university; require Defendant to advertise a notice stating that it will no longer offer online courses to Tennessee residents; and require Defendant to deliver all advertising materials relating to online courses in Tennessee to the Court.  (Court Doc. 73, Pl.'s Am. Mot. for Prelim. Inj. at 2-4.)

Defendant responds by referencing statements in older pleadings filed in this action

---

[1] The phrase "Tennessee residents" or "students in Tennessee" shall also encompass those students residing within 150 miles of Plaintiff's campus in Sewanee, Tennessee, as outlined as part of the requested relief in Plaintiff's Motion. (Court Doc. 73, Pl.'s Am. Mot. at 3-4.)

-3-

which establish that Plaintiff was well aware, before filing its initial Motion for Preliminary Injunction, that Defendant offered online courses to students across the country, including students in Tennessee. (Court Doc. 94, Def.'s Resp. at 4-6.) Therefore, Defendant claims that Plaintiff's attempt to amend the Motion is invalid and simply more evidence of undue delay. (*Id.* at 2-3.)

The Court finds it compelling that Plaintiff referred to the online courses available to Tennessee residents two months before it filed the initial Motion for Preliminary Injunction. In Plaintiff's Response to Defendants' Motion to Dismiss on September 14, 2009, Plaintiff wrote that Defendant Education Management, LLC should be subject to personal jurisdiction in Tennessee because "it controls the use of the 'South University' Mark at issue, including whether to allow its use in connection with South University's *Tennessee 'internet presence' and online courses that are available to Tennessee students.*" (Court Doc. 17, Pl.'s Resp. to Def.s' Mot. to Dismiss. at 4.) (emphasis added). In the same document, Plaintiff made further reference to Defendant "offering" educational services in Tennessee under the South University Mark. (*Id.* at 11.) Plaintiff further argued that Education Management, LLC should be subject to jurisdiction because it "directly approves and provides funding for marketing of educational services, including liberal arts degree programs, *that are marketed to Tennessee residents* and that are the subject of this lawsuit." (*Id.* at 12.)

Moreover, Plaintiff stated in its Response that "the University of the South is being irreparably harmed by Defendants' use of the 'South University' Mark in connection with Defendants' advertising, *including over the internet, and offering educational services, such*

*as online courses, to persons in Tennessee and elsewhere.*" (*Id.* at 11-12.) Although Plaintiff was referring to Defendants Education Management, LLC and Education Management Corporation when it made such statements, Plaintiff's primary argument was that the actions of these two entities were inextricably linked with the activities of Defendant South University, such that the two parent corporations should also be subject to personal jurisdiction based on their alleged involvement in South University's marketing and advertising activities in Tennessee. After reviewing these statements, the Court finds that Plaintiff was aware that Defendant South University was offering online courses to students in Tennessee as of September 2009.

Plaintiff claims in its Reply that it merely "suspected" that Defendant was offering online courses to Tennessee students in violation of the Settlement and Consent Agreement, and it was necessary to obtain discovery "regarding the mechanics of *how* South University's online educational courses were actually *delivered* to students" before it could request such relief. (Court Doc. 99, Pl.'s Reply at 2.) (emphasis in original). During discovery, Plaintiff learned in the deposition of John South, Chancellor of Defendant, that a student in Nashville, Tennessee could obtain an online degree from Defendant without leaving Tennessee. (*Id.*) Plaintiff also learned that Defendant had not taken any steps to block Tennessee residents from accessing its online courses. (*Id.*) Plaintiff asserts that this is the "new" information which warrants an amendment to the Motion for Preliminary Injunction.

The Court cannot understand why the deposition of John South would be the only means by which Plaintiff could obtain confirmation of this suspicion. In fact, it seems entirely logical to the Court that if Defendant offers and advertises online courses, and if

Plaintiff is aware that the online courses are also advertised in Tennessee, that Plaintiff could readily infer that the students would see the advertisements in Tennessee and access those courses from computers in Tennessee. This information can hardly be "new" to Plaintiff; after all, Defendant's website states that students can "attend class any time - day or night - from *anywhere you connect to the Internet.*" (http://online.southuniversity.edu.) (emphasis added). Plaintiff made statements in September 2009 which make it clear that Plaintiff was aware that Defendant offered online courses to Tennessee residents, and it would be unnecessary for Plaintiff to need clarification as to how such classes were *delivered* to Tennessee students prior to requesting the desired relief.

As for the revelation that Defendant has not "blacked out" Tennessee and residents within 150 miles of Sewanee, Tennessee from its offering of online courses, if Plaintiff indeed "suspected" that there might be violations of the Settlement and Consent Agreement based on this issue, Plaintiff could have learned this information long before Mr. South's deposition. Plaintiff argues that it needed proof to support these allegations prior to making such statements or risk the consequences of a charge by Defendant that Plaintiff lacked sufficient facts and had not conducted enough investigation to verify the claims. Such a situation, however, would merely exemplify the adversarial process; it would not put Plaintiff at a severe disadvantage to set forth all of its allegations without absolute, concrete evidence of each statement. In addition, if Plaintiff felt that it needed discovery to fully support every allegation contained in its Motion for Preliminary Injunction, it could have sought such relief through a motion.

Plaintiff did not do so, however, and now requests leave to amend its Motion for

Preliminary Injunction, but the "new" information it purportedly obtained during discovery seems to have been entirely evident to Plaintiff at the time it requested the initial injunctive relief. As a result, the Court views Plaintiff's failure to include such requests in its initial Motion as mere oversight or tactical error.

Moreover, the Court notes that Plaintiff objected to Defendant's request for a discovery period, apparently with the desire to resolve the initial Motion as soon as possible. Now Plaintiff seeks to delay the resolution of its request for injunctive relief when it has been fully briefed and is ready for the Court's ruling. The party moving for amendment must justify the necessity of such a request, particularly if the request occurs at a late stage in the litigation. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (holding that the district court appropriately denied a motion to amend when the plaintiff failed to justify waiting for a year and a half to add claims that he was aware of from the outset of litigation).

If the Court were to grant Plaintiff's Motion to Amend, the process of adjudicating this request for injunctive relief would be unnecessarily delayed and would not serve the ends of justice. The Court finds that Plaintiff has not provided a compelling or justifiable reason to amend its pleading, particularly in light of this advanced stage of litigation as it pertains to the Motion for Preliminary Injunction.

Accordingly, Plaintiff's Motion for Leave to Amend/Revise its Motion for Preliminary Injunction will be **DENIED**. Because Plaintiff's Motion for Leave to File Document Under Seal seeks to file portions of Plaintiff's proposed amendments under seal, that Motion will be **DENIED AS MOOT**.

**IV.     CONCLUSION**

For the reasons explained above, the Court **ORDERS** that Plaintiff's Motion to Amend/Revise its Motion for Preliminary Injunction [Court Doc. 70] is **DENIED**. Plaintiff's accompanying Motion for Leave to File Document Under Seal [Court Doc. 72] is **DENIED AS MOOT**.

**SO ORDERED** this 3rd day of May, 2010.

                                                    */s/Harry S. Mattice, Jr.*
                                                   HARRY S. MATTICE, JR.
                                                 UNITED STATES DISTRICT JUDGE